# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: I.W.**

**No. 14-0513** (Fayette County 13-JA-84)

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Nancy S. Fraley, appeals the April 30, 2014, order of the Circuit Court of Fayette County that terminated his parental rights to twenty-month-old I.W. The child's guardian ad litem, Thomas A. Rist, filed a response on behalf of the child in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its counsel Katherine M. Bond, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) revoking his post-adjudicatory improvement period at a hearing in which it declined to transport petitioner from the Southern Regional Jail; (2) denying his motion for a continuance and proceeding with the dispositional hearing on April 14, 2014; and (3) terminating his parental rights based on findings that his testimony was insufficient and not credible.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed an abuse and neglect petition against the child's parents. The petition alleged that petitioner abused drugs and the parents engaged in domestic violence in front of the child. The petition alleged that the child was present when petitioner held the child's mother down to the floor and kicked, choked, and punched her. The petition further alleged that petitioner reported that Child Protective Services ("CPS") "could just have I.W. because he was tired of dealing with CPS." Both parents waived their rights to a preliminary hearing. Following the hearing, petitioner tested positive for cocaine, opiates, and marijuana.

In September of 2013, the circuit court granted both parents post-adjudicatory improvement periods. The circuit court ordered the parents to maintain a clean and safe home environment, abide by state and federal laws, participate in DHHR services such as adult life skills classes and marriage counseling, submit to random drug screens, maintain employment, and submit to psychological evaluations and follow subsequent recommendations. The circuit court also ordered petitioner to participate in the Batterers' Intervention and Prevention Program. After the circuit court granted petitioner this improvement period, he tested positive for cocaine and opiates.

1

In December of 2013, the DHHR filed a motion to revoke petitioner's improvement period based on his non-participation in services and his recent criminal charges of forgery, uttering, assault, and unlawful restraint. As a result of these charges, petitioner was in jail for the remainder of the abuse and neglect proceedings. In January of 2014, the circuit court revoked petitioner's improvement period and scheduled the final dispositional hearing for April 14, 2014. At the final dispositional hearing, petitioner's CPS worker and service provider both testified that petitioner failed to participate in any of his ordered services, aside from submitting to two drug screens that yielded positive results for drugs. Both also testified that petitioner failed to keep in contact with them. Petitioner testified that he attempted to maintain contact with them both and that there was never any domestic violence in the home.

Following this hearing, the circuit court entered a dispositional order in which the circuit court found that petitioner's testimony lacked credibility, that he was unwilling to provide adequately for his child's needs, and that he blamed everybody else in the case except himself. The circuit court decided that, based on these findings, there was no reasonable likelihood that the conditions contained in the petition could be substantially corrected in the near future and ruled that termination was necessary for the child's welfare and best interests. Petitioner now appeals to this Court.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review of the record, we find no error by the circuit court in revoking petitioner's post-adjudicatory improvement period, denying his attorney's motion for a continuance at the dispositional hearing, and terminating his parental rights. Petitioner argues that the circuit court erred in revoking his improvement period because it also declined to transport him from the Southern Regional Jail for the hearing. West Virginia Code § 49-6-12(d) states, in part, that "[w]hen any improvement period is granted to a respondent [parent] pursuant to the provisions of this section, the respondent [parent] shall be responsible for the initiation and completion of all terms of the improvement period." Further, West Virginia Code § 49-6-12(f) directs as follows:

2

When any respondent [parent] is granted an improvement period pursuant to the provisions of this article, the department shall monitor the progress of such person in the improvement period. When the respondent [parent] fails to participate in any service mandated by the improvement period, the state department shall initiate action to inform the court of that failure. When the department demonstrates that the respondent [parent] has failed to participate in any provision of the improvement period, the court shall forthwith terminate the improvement period.

Petitioner isolates the fact that he was not transported to the hearing and unable to present evidence at this hearing. However, it is clear from the record that the DHHR demonstrated petitioner's failure to participate in his improvement period. The record shows that petitioner failed to participate in any of his required services, except for two drug screens at which he tested positive for drugs, or keep contact with his service providers. Accordingly, we find no error.

Our review of the record also shows no error by the circuit court at the dispositional hearing in denying petitioner's motion for a continuance or in terminating petitioner's parental rights to I.W. We have held the following: "Child abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). "[I]n the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily,* 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.,* 206 W.Va. 478, 525 S.E.2d 669 (1999)). We also bear in mind the following:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Under West Virginia Code § 49-6-5(b)(3), a subject parent's failure to follow through with rehabilitative efforts to reduce or prevent the abuse and neglect of the children constitutes circumstances in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. The record shows that petitioner's counsel was given ample time to prepare for the dispositional hearing as notice for this hearing was provided months ahead. Moreover, petitioner's failure to follow through with the terms and conditions of his improvement period supports the circuit court's findings that there was no reasonable likelihood that the abuse and neglect conditions could be substantially corrected in the near future and that

3

termination of petitioner's parental rights was in I.W.'s best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4